# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cassidy Hayherst, an individual; Dorothy Rehberg, an individual; Nalini Mohabir, an individual; Tekia Lewis, an individual; and Maria Payette, an individual; | Civ. No. 12-2526 (DWF/JJK) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Wal-Mart Stores, Inc., a Delaware corporation; | |
| Defendant. | |

Mark E. Dooley, Esq., Twin Cities Law Firm, counsel for Plaintiffs.

Sarah J. Gorajski, Esq., and Stephanie D. Sarantopoulos, Esq., Littler Mendelson, PC, counsel for Defendant.

## INTRODUCTION

This matter is before this Court on Defendant's Motion to Dismiss Plaintiffs Tekia Lewis' and Cassidy Hayhurst's[1] Claims with Prejudice (Doc. No. 24). The District Court has referred the motion to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Defendant's motion be granted in part

---

[1] Defendant points out that Plaintiff Cassidy Hayhurst is incorrectly identified in the pleadings as "Cassidy Hayherst."

and denied in part, and Plaintiff's Tekia Lewis' and Cassidy Hayhurst's claims be dismissed with prejudice for lack of prosecution.

## BACKGROUND

Plaintiffs previously worked for Defendant as Associates in Defendant's deli department. (Doc. No. 1, Compl. ¶ 3.) Defendant terminated Plaintiffs' employment on September 15 and 16, 2012, after observing Plaintiffs take food from the deli. (*Id.* ¶¶ 6–8, 10.) On September 13, 2012, Plaintiffs commenced two civil actions against Defendant in Dakota County District Court, Minnesota, alleging that Defendant discriminated against them based on their sex. (Doc. No. 1, Attach. 1; Civ. No. 12-2527, Doc. No. 1, Attach. 1.) On October 3, 2012, Defendant removed the Dakota County actions to the United States District Court for the District of Minnesota. (Doc. No. 1; Civ. No. 12-2527, Doc. No. 1.) On October 10, 2012, after the parties stipulated to dismissal of Plaintiffs' negligence claim in Count II of Plaintiffs' Complaint, Defendant filed its Answer. (Doc. No. 6.) Thereafter, the District Court ordered the two actions consolidated. (Doc. No. 9.)

On November 26, 2012, the undersigned held the Pretrial Conference in the case. (Doc. No. 12.) Then, the Court issued a Pretrial Scheduling Order. (Doc. No. 13.) In that Order, the Court stated, "All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **December 10, 2012**," and "Fact discovery shall be <u>commenced in time to be completed on or before</u> **June 1, 2013**." (*Id.* (emphasis in original).)

On February 13, 2013, Defendant filed a Motion to Compel Discovery from Plaintiffs Cassidy Hayhurst and Tekia Lewis (Doc. No. 14), asserting that Plaintiffs Hayhurst and Lewis had failed and refused to comply with their obligations to respond to written discovery requests served on November 16, 2012, pursuant to Fed. R. Civ. P. 33 and 34.  (*Id.*)  On March 20, 2013, this Court held a hearing on the motion.  (Doc. No. 22.)  Counsel for both Defendant and Plaintiffs appeared.  (*Id.*)  At that hearing, Plaintiffs' counsel stated that he had not been able to procure discovery responses from Plaintiffs Hayhurst and Lewis.  This Court granted in part and denied in part Defendant's motion, and ordered Plaintiffs Hayhurst and Lewis "to provide complete responses to Defendant's first set of Interrogatories and Request for Production of Documents on or before **March 27, 2013.**"  (Doc. Nos. 22, 23 (emphasis in original).)  The Court also stated, "Failure to do so may result in the dismissal of their claims for failure of prosecution, upon motion of Defendant."  (*Id.*)

Plaintiffs Hayhurst and Lewis did not comply with that deadline.  Specifically, Defendant represents that Plaintiff Lewis "has wholly failed to respond and has neither indicated that she has any intent to respond, nor provided any reason for her delay."  (Doc. No. 25, Mem. or Law in Supp. of Def.'s Mot. to Dismiss 1.)  And Plaintiff Hayhurst "responded to some of Defendant's interrogatories, but she failed to provide complete responses, and she failed to respond to any of Defendant's document requests."  (*Id.*)  Therefore, on April 3,

3

2013, Defendant filed its Motion to Dismiss Plaintiffs Tekia Lewis' and Cassidy Hayhurst's Claims With Prejudice (Doc. No. 24), which is presently before the Court. Plaintiffs did not file a response to that motion.

At the hearing on May 16, 2013, Plaintiffs' counsel confirmed that, despite his attempts to communicate with Plaintiffs Hayhurst and Lewis, he had not been able to procure further discovery responses from Plaintiffs Hayhurst and Lewis, although he indicated that he had at least had some contact with Plaintiff Hayhurst. The Court therefore indicated that it would be recommending dismissal of Plaintiff Lewis' claims, but ordered Plaintiff Hayhurst to provide *complete*, verified responses to Defendant's first set of Interrogatories and Request for Production of Documents on or before May 22, 2013. The Court warned that "[i]f Plaintiff Hayherst (Hayhurst) does not comply with this Order, this Court will recommend that her claims be dismissed for lack of prosecution." (Doc. No. 32, May 16, 2013 Minute Order.) On May 22, 2013, Defendant updated the Court as to Plaintiff Hayhurt's production. (Doc. No. 34.) As of that date, Plaintiff provided executed answers to Interrogatories, but they were still incomplete. (*See* Doc. No. 34, Ex. A, Answers to Interrogatories Nos. 11, 12.) In addition, Plaintiff did not provide any written responses or document production in response to Defendant's Request for Production of Documents. (Doc. No. 34.)

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). This Court concludes that based on the events that have occurred in this case, including Plaintiff Hayhurst's and Plaintiff Lewis' failure to respond completely to Defendant's discovery requests and comply with this Court's Orders, and Plaintiff Hayhurst's and Plaintiff Lewis' failure to respond to Defendant's motion to dismiss, Plaintiff Hayhurst's and Plaintiff Lewis' claims should be dismissed for failure to prosecute.

Federal Rule of Civil Procedure 33 states that a party served with interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). And Federal Rule of Civil Procedure 34 states that a party served with a document request "must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Further, Fed. R. Civ. P. 37(b)(2)(A)(v) provides that where a party "fails to obey an order to provide or permit discovery," the court "may

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). This Court concludes that based on the events that have occurred in this case, including Plaintiff Hayhurst's and Plaintiff Lewis' failure to respond completely to Defendant's discovery requests and comply with this Court's Orders, and Plaintiff Hayhurst's and Plaintiff Lewis' failure to respond to Defendant's motion to dismiss, Plaintiff Hayhurst's and Plaintiff Lewis' claims should be dismissed for failure to prosecute.

Federal Rule of Civil Procedure 33 states that a party served with interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). And Federal Rule of Civil Procedure 34 states that a party served with a document request "must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Further, Fed. R. Civ. P. 37(b)(2)(A)(v) provides that where a party "fails to obey an order to provide or permit discovery," the court "may

issue further just orders" including "dismissing the action or proceeding in whole or in part." And Fed. R. Civ. P. 37(d)(3) provides that sanctions, including dismissal of an action or proceeding and awarding attorney's fees, may be imposed where a party fails to answer interrogatories or respond to requests for inspection.

In addition, Local Rule 7.1, which relates to civil motion practice, states:

> Within 21 days after filing of a dispositive motion and its supporting documents under LR 7.1(c)(1), the responding party *must* file and serve the following documents:
>
>     (A)    memorandum of law; and
>
>     (B)    any affidavits and exhibits.

D. Minn. LR 7.1(c)(2) (emphasis added). The Local Rule also provides that the court may take any action that it considers appropriate if a party fails to timely file and serve a memorandum of law. D. Minn. LR 7.1(g)(6).

Here, Plaintiffs Hayhurst and Lewis have failed to respond to Defendant's discovery requests in accordance with the Rules, have failed to comply with the Court's March 20, 2013 Order, and have failed to respond to Defendant's motion to dismiss in accordance with the Local Rules. The Court's March 20, 2013 Order notified Plaintiffs Hayhurst and Lewis that failure to comply with the Court's Order may result in dismissal of their claims. And the Court's May 16, 2013 Order notified Plaintiff Hayhurst that she had until May 22, 2013 to provide complete, verified responses to Defendant's discovery or this Court would

recommend dismissal of her claims. Based on Plaintiff Hayhurst's and Plaintiff Lewis' failure to comply with the Court's Order and the Rules, this Court recommends that Plaintiff Hayhurst's and Plaintiff Lewis' claims be dismissed for failure to prosecute. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210–11 (8th Cir. 1973) (affirming dismissal of claims based on party's failure to fully obey the court's order to answer interrogatories). In addition, because the Court recommends dismissing Plaintiff Hayhurst's and Plaintiff Lewis' claims, the Court concludes that further sanctions in the form of costs and attorney's fees are not warranted.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Defendant's Motion to Dismiss Plaintiffs Tekia Lewis' and Cassidy Hayhurst's Claims with Prejudice (Doc. No. 24), be **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff Hayhurst's and Plaintiff Lewis' claims asserted in the Complaint (Doc. No. 1), be **DISMISSED WITH PREJUDICE**; and

3. Defendant's request to be awarded its costs and attorney's fees incurred in bringing the motion to dismiss dated April 3, 2013, and the motion to compel discovery dated February 13, 2013, be **DENIED**.

Date: May 28, 2013

      *s/ Jeffrey J. Keyes*
      JEFFREY J. KEYES
      United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 11, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.